**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:                          )
                                )
ESTATE OF TAPLIN, ERNEST VON,   )   Case No. 21-24148-C-11
                                )
_____ Debtor.       )

**OPINION**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

Bankruptcy pleadings, motions, and other filed papers must be based on "inquiry reasonable under the circumstances." Positions therein that become untenable must not be "later advocated." Both these requirements of Federal Rule of Bankruptcy Procedure 9011(b) were violated in this case filed for an entity that is ineligible for any form of bankruptcy relief.

"Reasonable" inquiry, would have revealed a decedent's estate is not eligible to be a debtor under any Bankruptcy Code chapter and that it is an "improper purpose" to file a bankruptcy case to hijack the automatic stay for an ineligible entity.

When the court questioned compliance with Rule 9011(b), the untenable position was "later advocated" in an Amended Petition that made other unresearched and untenable eligibility claims.

A spate of decedent's estate cases in this district, all of which have come to naught, signals a need for deterrence.

Monetary sanctions designed to deter repetition of the offending conduct and of comparable conduct by others similarly situated are being imposed on the court's own initiative under Rules 9011(b)(1) and (b)(2) because the nonsense needs to stop.

1    This decision holds: (1) decedent's estates are not eligible
2  to be Bankruptcy Code debtors; (2) state probate court orders
3  appointing "special representatives" to file bankruptcy cases for
4  probate estates cannot override the Bankruptcy Code; and (3)
5  attorneys and estate representatives who file cases frivolously
6  asserting that decedent's estates are eligible to be debtors may
7  be sanctioned for violating Rule 9011(b) by not conducting
8  reasonable inquiry, by filing for improper purposes, and by
9  misrepresenting law and fact to the court.

10

11                            Facts

12    Ernest Taplin, a widower, died intestate in 2020, leaving as
13  heir his son, California state prisoner Ernest Jubar Taplin.

14    The imprisoned son gave his mother, Shirley Andrade, a power
15  of attorney to handle his inheritance issues.

16    Andrade hired Attorney David Foyil to apply for a California
17  probate court to appoint Andrade as Special Administrator for the
18  Taplin estate for the stated purpose of commencing a chapter 11
19  bankruptcy case to protect the decedent's home from foreclosure.[1]

20    The probate court entered an Order For Probate on December
21  13, 2021, appointing Andrade Special Administrator with limited
22  authority, noting in the order that a Voluntary Petition pursuant
23  to Chapter 11 was intended and that "Petitioner has all Special
24  Administration powers as set forth in Probate Code 8544."[2]

25

26  _____

[1]In re Taplin, Ex Parte Application for Appointment of a
Special Administrator, Sacramento County Super. Ct. Case No. 34-
2021-00312423 (filed 12/10/2021).

[2]Id., Order For Probate (filed 12/13/2021).

2

Also on December 13, 2021, Attorney Foyil filed in this court a chapter 11 petition commencing Case No. 21-24148 under the incorrect name "Estate of Von Taplin, Ernest."[3]

The Petition signed by Foyil and Andrade asserted that the decedent's estate is a "corporation" with "0-$50,000" in assets and liabilities. Only a mortgagee and a foreclosure agent were listed as creditors.[4] Foyil disclosed he accepted a $4,000.00 retainer from an undisclosed "other."[5]

As it appeared that a decedent's estate is not a "person" eligible to be a debtor under the Bankruptcy Code, an Order to Show Cause ("OSC") issued under Rule 9011(c)(1)(B) on December 21, 2021, requiring Foyil and Andrade to explain why filing the petition did not violate Rule 9011(b).

The written OSC responses filed December 28, 2021, ignored the Bankruptcy Code eligibility question. The responses relied on the probate court's order appointing a Special Administrator because the application informed the probate court of an intent to file a chapter 11 case. In effect, they asserted that state probate courts have power to authorize filing a chapter 11 case regardless of the terms of the Bankruptcy Code.

Foyil excused his claim that the debtor is a "corporation" as use of an incorrect form,[6] which he and Andrade purported to

---

[3]Per the Death Certificate, "Von" was Taplin's middle name.

[4]Petition, ## 6 and 15-16; Official Form 204 (Dkts 1 & 4).

[5]Disclosure of Compensation, Items 1 & 3 (Dkt 31). Foyil violated 11 U.S.C. § 329(a) and Rule 2014(b) by not disclosing the source of his retainer.

[6]Foyil averred:

1  correct by filing an Amended Petition on January 4, 2022, that

2  was facially (and farcically) incorrect in two respects. It

3  claimed status as "small business debtor" despite the lack of the

4  "commercial business activities" required by 11 U.S.C.

5  § 101(51D). And, it claimed to be "required to file periodic

6  reports with the Securities and Exchange Commission."[7]

7       At the OSC hearing, Foyil admitted he did not inquire into

8  the question whether a probate estate is ever eligible to be a

9  Bankruptcy Code "debtor" and offered no theory for why a

10  decedent's estate could ever qualify as a debtor.

11      The chapter 11 case was thereupon dismissed. The Rule

12  9011(b) OSC issues remain for decision.

13

14                          Jurisdiction

15      Jurisdiction is founded on 28 U.S.C. § 1334(a). After a case

16  is dismissed for lack of jurisdiction, the court has

17  residualjurisdiction to impose sanctions on its own motion.

18

19  _____

20      The petition ... identified the debtor as Estate of Von
    Taplin and identified the entity type as "other" with the
21  description "Probate Estate" not as a corporation or other
    type of business entity. As the result of either a
22  technological problem or clerical error, the cause of which
    is presently unknown to the undersigned declarant, the
23  incorrect form was uploaded to the Court's electronic system
    incorrectly identifying the debtor as a business entity,
24  specifically a corporation.

25  Declaration of David Foyil, Dkt 26 (12/28/2021), at 2.

26      [7]The Amended Petition says the debtor is "other" and
    "probate estate." And item 8 specifies that the "debtor is a
27  small business debtor" and "is required to file periodic reports
    with the Securities and Exchange Commission according to § 13 or
28  15(d) of the Securities Exchange Act of 1934." Amended Petition,
    Dkt 32 (1/4/2022).

                              4

Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998).

Analysis

The questions presented are: (1) whether the Bankruptcy Code permits a decedent's estate to be a "debtor" for purposes of Title 11 relief under the Bankruptcy Code; (2) whether a state probate court has power to authorize a decedent's estate to obtain bankruptcy relief despite the terms of the Bankruptcy Code; and (3) whether Federal Rule of Bankruptcy Procedure 9011(b) has been violated by the filing of the petition for an ineligible decedent's estate.

I. Eligibility to be Debtor in Title 11 Case

In order for a decedent's estate or probate estate to file a bankruptcy case, it must qualify to be a debtor.

The Bankruptcy Code provides that only a "person" that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under the Bankruptcy Code. 11 U.S.C. § 109(a).

The term "person" includes individual, partnership, and corporation, but, except for potential eligibility to serve on a chapter 11 creditor's committee, does not include a governmental unit. 11 U.S.C. § 101(41); 2 RICHARD LEVIN & HENRY J. SOMMER, COLLIER ON BANKRUPTCY (16th ed. 2018) ¶ 101.41 ("COLLIER").

A § 101(41) "person" is a subset of the broader definition of "entity." The defined term "entity" includes "estate, trust, governmental unit, and United States trustee," in addition to "person." 11 U.S.C. § 101(15); 2 COLLIER ¶ 101.15.

The rules of construction prescribed by Bankruptcy Code § 102 specify that "includes" and "including" are "not limiting." 11 U.S.C. § 102(3); 2 COLLIER ¶ 102.04. Similarly, "or" is not exclusive. 11 U.S.C. § 102(5); 2 COLLIER ¶ 102.06.

As a decedent's estate is not an individual and not a partnership, it could be a debtor only if it could be analogized to the defined term "corporation."

The defined term "corporation" includes: (1) association with a power or privilege that a private corporation, but not an individual or partnership possesses; (2) partnership association that is organized under a law that makes only capital subscribed responsible for the debts of such association (but not limited partnership); (3) joint stock company; (4) unincorporated company or association; (5) business trust. 11 U.S.C. § 101(9).[8]

The § 102(3) rule that "includes" is "not limiting" enabled limited liability companies, which were largely unknown when § 102 was enacted in 1978, to be counted as "corporations," hence "persons"  because LLC enabling laws make only subscribed capital responsible for debts. 2 COLLIER ¶ 101.09.

---

[8]The full definition at 11 U.S.C. § 101(9) is:

(9) The term "corporation" –
   (A) includes –
      (i) association having a power or privilege that a private corporation, but not an individual or partnership, possesses.
      (ii) partnership association organized under a law makes only the capital subscribed responsible for the debts of such association;
      (iii) joint-stock company;
      (iv) unincorporated company or association; or
      (v) business trust; but
   (B) does not include limited partnership.

To argue that the § 102(3) rule of construction enables the term "corporation" to encompass decedent's estates would stretch the concept beyond the breaking point. The limiting principle follows from the inclusion in § 101(15) of "estate" as a subset "entity" but not "person." An "estate" cannot become a "person" by way of the term "corporation" without contradicting § 101(15). Compare 11 U.S.C. § 101(9), with id. §§ 101(15) & (41).

Basic statutory construction implies that use by Congress of the defined term "person" within the defined term "entity," means that the other categories specifically named in the definition of "entity" such as "estate" or nonbusiness "trust," were not intended by Congress to be a "person." 11 U.S.C. § 101(15).

When enacting the Bankruptcy Code, Congress explained that the "definition [of "person"] does not include an estate or a trust, which are included only in the definition of "entity" House Report No. 95-595, 95th Cong., 1st Sess. 313 (1977); Senate Report No. 95-989, 95th Cong. 2d Sess. 24-26 (1978).

Commentators agree. 2 COLLIER ¶ 101.41 ("It is important to note that the definition of 'person' does not include a probate estate or nonbusiness trust").

Case law agrees. E.g., Georg v. Parungao (In re Georg), 844 F.2d 1562, 1565-66 (11th Cir. 1988) ("definition of "person," and ... definition of "debtor," excludes insolvent decedents' estates"); In re Estate of Grassman, 91 B.R. 928, 930 (Bankr. D. Or. 1988); In re Estate of Whiteside, 64 B.R. 99, 101 (Bankr. E.D. Cal. 1986); cf. Hunt v. TRC Props, Inc. (In re Hunt), 160 B.R. 131, 134-35 (9th Cir. BAP 1993)(nonbusiness trust).

It follows that any "estate," including a "decedent's

estate" is an "entity" but not a "person" for Bankruptcy Code purposes. Hence, a decedent's estate cannot sneak into the status of "person" by way of the definition of "corporation."

As a decedent's estate or probate estate is not a "person," no decedent's estate is eligible to be a debtor under any chapter of the Bankruptcy Code. 11 U.S.C. § 109(a). Q.E.D.

Since the Taplin decedent's estate is not eligible to be a debtor under any chapter of the Bankruptcy Code, this bankruptcy case was dismissed for lack of jurisdiction.

## II. State Court Lacks Authority to Modify Title 11

The OSC responses took refuge in the state probate court's Order for Probate appointing Andrade as Special Administrator pursuant to California Probate Code § 8544.

### A. California Probate Code § 8544

The Special Administrator appointment was made under California Probate Code § 8544, which makes no mention of a power to file a case under Title 11, United States Code.[9]

---

[9]California Probate Code § 8544 provides:

(a) Except to the extent the order appointing a special administrator prescribes terms, the special administrator has the power to do all of the following without further order of the court:
    (1) Take possession of all of the real and personal property of the estate of the decedent and preserve it from damage, waste, and injury.
    (2) Collect all claims, rents, and other income belonging to the estate.
    (3) Commence and maintain or defend suits and other legal proceedings.
    (4) Sell perishable property.
(b) Except to the extent the order prescribes terms, the

The theory is that the request to appoint Andrade as Special Administrator under Probate Code § 8544 stated an intent to file a chapter 11 case to stop a foreclosure. Hence, so it is reasoned, the probate court's appointment of the Special Administrator implicitly authorized the bankruptcy case filing.

The fatal flaw is Constitutional. Congress has exclusive power under Article I of the Constitution to legislate uniform laws of bankruptcy. U.S. Cons. Art. I, § 8. At Bankruptcy Code § 109, Congress prescribed eligibility rules for being a debtor in a bankruptcy case; decedent's estates and probate estates are not among those eligible. 11 U.S.C. § 109.

No state legislature and no state court has power to change bankruptcy eligibility rules prescribed by Congress under its exclusive constitutional power.

The California Probate Code § 8544 authorization for a

---

special administrator has the power to do all of the following on order of the court:
(1) Borrow money, or lease, mortgage, or execute a deed of trust on real property, in the same manner as an administrator.
(2) Pay the interest due on all or any part of an obligation secured by a mortgage, lien, or deed of trust on property in the estate, where there is danger that the holder of the security may enforce or foreclose on the obligation and the property exceed in value the amount of the obligation. This power may be ordered only on petition of the special administrator or any interested person, with any notice that the court deems proper, and shall remain in effect until appointment of a successor personal representative. The order may also direct that interest not yet accrued be paid as it becomes due, and the order shall remain in effect and cover the future interest unless and until for good cause set aside or modified by the court in the same manner as for the original order.
(3) Exercise other powers that are conferred by order of the court.

Cal. Probate Code § 8544(a)-(b).

Special Administrator to "commence and maintain or defend suits and other legal proceedings" must be understood as the California legislature conferring standing with respect to legal proceedings that comply with otherwise applicable non-probate law in courts of competent jurisdiction. Cal. Probate Code § 8544(a)(3).

### B. Clash of In Rem Jurisdictions: Probate Exception

Bankruptcy jurisdiction over property of the estate is in rem. 28 U.S.C. § 1334(e)(1). The bankruptcy estate created as a matter of law upon filing of a bankruptcy case comprises, with stated exceptions not relevant here, all legal and equitable interests of the debtor in property, "wherever located" as of the commencement of the case. 11 U.S.C. § 541(a)(1).

The jurisdiction of California probate courts over property of a decedent's estate is also in rem. In re Wise's Estate, 34 Cal. 2d 376, 382 (1949); Lilienkamp v. Super. Ct., 14 Cal. 2d 293, 298 (1939). The object of the probate and administration proceeding being to secure distribution to the persons entitled to share in the estate. O'Day v. Super. Ct., 18 Cal. 2d 542, 544 (1941); Lilienkamp, 14 Cal. 2d at 298.

A California decedent's estate consists of "all the decedent's personal property, wherever located, and all the decedent's real property located in" California. Cal. Probate Code § 6600 ("Decedent's estate defined").

When two courts purport to have in rem jurisdiction over the same res, one needs to give way to the other. The usual heuristic of first-in-time, first-in-right helps resolve the conflict.

Under the so-called "probate exception" to federal

jurisdiction the Supreme Court requires federal courts to defer to state courts for: (1) probate or annulment of a will; (2) administration of a probate estate; and (3) disposition of property that is in the in rem custody of a state probate court. Marshall v. Marshall, 547 U.S. 293, 308-12 (2006); Goncalves By & Through Goncalves v. Rady Child's. Hosp. San Diego, 865 F.3d 1237, 1252 (9th Cir. 2017).

Outside the confines of those three categories, federal courts may adjudicate probate-related disputes that otherwise are within federal jurisdiction. Marshall, 547 U.S. at 312. In other words, as to issues that do not depend on in rem jurisdiction, state probate jurisdiction is not exclusive jurisdiction.

## C. Race to the Res

Here, the California probate court assumed in rem jurisdiction over the decedent's estate when it invoked the California Probate Code to appoint Andrade as Special Administrator. It won the race to the res.

If the bankruptcy case filed by the Special Administrator had been permissible, it would have precipitated a conflict of in rem jurisdictions because the filing of the case automatically creates an estate, the property of which is in exclusive federal jurisdiction. 28 U.S.C. § 1334(e)(1). The purpose of the probate exception to federal jurisdiction is to avoid the inherent clash when two courts simultaneously purport to exercise in rem jurisdiction over the same res.

To be sure, bankruptcy and probate courts can coexist without offending the notion that in rem jurisdiction is

exclusive on a one-at-a-time basis. If a debtor dies during a chapter 7 case, the bankruptcy court continues to exercise in rem jurisdiction over the property of the bankruptcy estate unless the court orders otherwise. Similarly, in cases under chapters 11, 12, and 13, the court has discretion to dismiss or to proceed if further administration is possible and in the best interest of the parties. Fed. R. Bankr. P. 1016.

Where state probate in rem jurisdiction has attached before the federal case is filed, Marshall teaches that the probate exception to federal jurisdiction deprives federal courts of authority to interfere with a state probate court's established in rem jurisdiction. However, a federal court may adjudicate a probate-related issue that does not interfere with in rem authority so long as it is otherwise within federal subject-matter jurisdiction. Marshall, 547 U.S. at 312.

As particularly relevant here, the Bankruptcy Code honors the probate exception to federal jurisdiction by making decedent's estates ineligible to be debtors under any chapter of the Bankruptcy Code. They cannot enjoy the protection of the bankruptcy automatic stay.

It follows that a Special Administrator acting under California Probate Code § 8544 who wishes to resist a foreclosureis limited to remedies under nonbankruptcy law. The § 362(a) automatic stay is not available.

III. Rule 9011(b)

There being no authority for a decedent's estate to be a debtor under any chapter of the Bankruptcy Code, and the state

probate court having no authority to modify the Bankruptcy Code, it is plain that the filing of this bankruptcy case lacked merit.

The question becomes whether the circumstances warrant imposing sanctions for violation of Rule 9011(b).

The essence of Rule 9011(b) is that presentation to the court of a petition, pleading, written motion, or other paper (whether by signing, filing, submitting, or later advocating) by an attorney or an unrepresented party makes four certifications, all of which are to the best of the presenter's knowledge, information, and belief formed after an inquiry reasonable under the circumstances. Fed. R. Bankr. P. 9011(b).

Thus, the filing of the Estate of Taplin chapter 11 petition, certified based on "inquiry reasonable under the circumstances" that: (1) it was not filed for an improper purpose; (2) the legal contentions were warranted by existing law or nonfrivolous argument for change to existing law; and (3) the factual contentions had evidentiary support or were likely to have evidentiary support after reasonable opportunity for investigation or discover. Fed. R. Bankr. P. 9011(b)(1-3).[10]


A. Inquiry "reasonable under circumstances"

All Rule 9011(b) certifications must be made after an "inquiry reasonable under the circumstances." Fed. R. Bankr. P. 9011(b), incorporating Fed. R. Civ. P. 11(b).

---

[10]The fourth category of required Rule 9011(b) certifications – relating to support for denials of factual contentions – is not relevant here. Fed. R. Bankr. P. 9011(b)(4).

### 1. Supreme Court on Reasonable Inquiry

The Supreme Court has twice addressed the Rule 11 reasonable inquiry requirement.

Construing pre-1993 version of Rule 11, the Court held that whether a pre-filing inquiry is reasonable requires considering all the circumstances of the case, including the time available before a deadline compels filing. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401-02 (1990) ("inquiry that is unreasonable when an attorney has months to prepare a complaint may be reasonable when he has only a few days").

Later, the Court held that Rule 11 reasonableness is an objective standard for attorneys and for litigants. Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 549-51 (1991), aff'g 892 F.2d 802 (9th Cir. 1988); Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp. 982 F.2d 363, 369-70 (9th Cir. 1992); 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 11.11[2][b], n.30 (3d ed. 2021) ("MOORE'S").

The Ninth Circuit echoed Cooter & Gell when it ruled that under the pre-1993 regime that "reasonable inquiry" is measured against what a competent attorney hypothetically would have learned in the time available from a reasonable inquiry. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1364 (9th Cir. 1990) (en banc) (construing 1987 version of Fed. R. Civ. P. 11).

The year 1993 was a watershed for Rule 11. The rule was retooled in a manner designed to focus on deterring non-meritorious positions while squelching satellite litigation among counsel who had made an art form of hurling tactical sanctions motions at each other. The new rule incorporated the Cooter &

_Gell_ requirement by revising the phrase "reasonable inquiry" to "inquiry reasonable under the circumstances," introduced a ban on "later advocating" frivolous positions, and provided a safe harbor for those who timely abandon such positions.

In 1997, the 1993 Rule 11 revisions were incorporated into Rule 9011, making the seminal 1993 Civil Rules Advisory Committee Note applicable to Rule 9011. Fed. R. Bankr. P. 9011, Advisory Comm. Note to 1997 Amendment; _In re LeGrand_, 638 B.R. 151, 156 (Bankr. E.D. Cal. 2022).

### 2. The Inquiry Rule Effective 1993

An inquiry reasonable under the circumstances is so basic that it is not stated as a separate enumerated duty, but rather is an embedded essential element of all Rule 9011(b) duties.

As the Rules Advisory Committee explained the 1993 revision, litigants must "'stop-and-think' before making legal or factual contentions." Fed. R. Civ. P. 11(b), Adv. Committee Note to 1993 Amendment; Fed. R. Bankr. P. 9011, Adv. Note to 1997 Amendment.[11]

The clause "under the circumstances" reflects the _Cooter &_

---

[11]The Civil Rules Advisory Committee explained:

> The revision in part expands the responsibility of litigants to the court, while providing greater constraints and flexibility in dealing with infractions of the rule. The rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanction for insisting on a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.

Fed. R. Civ. P. 11(b), Adv. Committee Note to 1993 Amendment.

_Gell_ analysis that circumstances do not always permit the luxury of detailed investigation. Hence, the reasonableness of an inquiry into law and facts is determined under an objective standard based on the complexity of the subject, the party's familiarity with the subject, the time available, and relative ease of access to necessary information. 2 Moore's § 11.11[2][b].

The risk of mistake due to incomplete inquiry "under the circumstances" is counterbalanced by the correlative continuing duty of candor not to "later advocate" initial positions that turn out to be unsupportable.

Careful lawyers will protect themselves by making some form of correction formally on the record as to avoid stumbling into the "later advocate" trap. In the analogous situation of the Rule 11 "safe harbor," an amended complaint omitting a challenged cause of action sufficed as a "withdrawal" even though the deleted claim was not dismissed with prejudice. _Sneller v. City of Bainbridge Island_, 606 F.3d 636, (9th Cir. 2010).

B. <u>Structure of 9011(b) Reasonable Inquiry Analysis</u>

Although the reasonable inquiry requirement is fundamental, it fits into 9011(b) litigation as a matter of defense.

The logic path for substantive analysis of 9011(b) issues begins with focus on a filed writing in the form of a "petition, pleading, written motion, or other paper." If there is no filed writing, then 9011(b) does not apply.

The next question is whether any of the four Rule 9011(b) representations appear to have been violated:

    (1) presented for improper purpose (Rule 9011(b)(1));
    (2) legally frivolous (Rule 9011(b)(2);

(3) factually frivolous (Rule 9011(b)(3)); or
(4) unwarranted denials of fact (Rule 9011(b)(4)).

If it does appear that there has been a Rule 9011(b) violation, then the burden shifts to the target of potential sanctions to demonstrate that before filing there was "an inquiry reasonable under the circumstances"? Fed. R. Bankr. P. 9011(b).

If it appears the inquiry requirement was satisfied before the writing was filed, then the issue becomes whether a position that may have been justified when filed but became untenable was "later advocated" (even orally). Fed. R. Bankr. P. 9011(b).

The final step is determining what sanctions, monetary or nonmonetary, are sufficient to deter repetition of the offending conduct or comparable conduct by others similarly situated. Fed. R. Bankr. P. 9011(c)(2).

### IV. Rule 9011 in this Case

The analysis in this case focuses on the Petition and the Amended Petition that were filed for a decedent's estate that is not eligible to be a debtor under any Bankruptcy Code chapter.

### A. "Improper Purpose"

Rule 9011(b)(1) proscribes filings that are made for "any improper purpose, such as to harass or to cause <u>unnecessary delay or needless increase in the cost of litigation.</u>"  Fed. R. Civ. P. 9011(b)(1) (emphasis supplied); 2 MOORE'S § 11.11[8].

Unnecessary delay infects this case. The stated purpose for filing the chapter 11 case was to block a foreclosure by hijacking an automatic stay to which the filer is not entitled.

Viewed from an objective perspective, unnecessary delay occasioned by the automatic stay results whenever a case is filed respecting an entity that is not eligible to be a debtor under any Bankruptcy Code chapter. The debt profile included in the initial filings of this chapter 11 case make it obvious that there was never a prospect for a reorganization. To an objective observer, the case was doomed from the outset.

While the delay interposed by the bankruptcy automatic stay for legitimate debtors seeking bankruptcy relief is necessary and proper, it is an "improper purpose" for one who is not eligible to be a debtor to hijack the automatic stay when there is no possibility of bankruptcy relief. <u>Dressler v. The Seeley Co. (In re Silberkraus)</u>, 336 F.3d 864, 871 (9th Cir. 2003).

In sum, the chapter 11 case for the ineligible decedent's estate was filed for a Rule 9011(b)(1) "improper" purpose.

B.   <u>Not Warranted by Existing Law</u>

Rule 9011(b)(2) proscribes presenting legal contentions that are not warranted by existing law or by nonfrivolous argument for extension, modification, or reversal of existing law or establishment of new law. Fed. R. Bankr. P. 9011(b)(2), <u>incorporating</u> Fed. R. Civ. P. 11(b)(2).

Analysis of unwarranted legal contentions dovetails with analysis of "inquiry reasonable under the circumstances." Once again, an objective basis applies. <u>Townsend</u>, 929 F.2d at 1362.

Here, the unwarranted legal contentions are that a decedent's estate is eligible to be a debtor in a case under the Bankruptcy Code, that a reorganization is in prospect, and that a

state probate court order can create eligibility to be a debtor where none exists under the Bankruptcy Code.

Those contentions, objectively viewed, are so untenable as to have been frivolous in violation of Rule 9011(b)(2).

### C. "Later Advocating" Untenable Positions

The Rule 9011(b) duty not to "later advocate" positions once they become untenable gains traction when an assertion that might initially have been reasonable under the circumstances at the outset of a matter, as in the case of an emergency filing, turns out to have been incorrect.

Here, after the court issued its OSC noting the eligibility issue and requiring cause be shown why Rule 9011(b) was not violated, counsel and the Special Representative doubled down by filing an amended petition continuing to advocate eligibility for the same ineligible debtor.

#### 1. Separate Duty to Correct

The 1993 Civil Rule 11(b) amendments created a separate duty of candor not to perpetuate an argument by "later advocating" it after it has become untenable. Fed. R. Civ. P. 11(b). As of 1997, that duty applies in Rule 9011(b).

A consequence of the "later advocating" clause in Rules 11(b) and 9011(b) is that compliance with obligations regarding the contents of papers that are filed is not measured solely as of the time of the filing of the paper; subsequent activity, including oral advocacy, that offends the duty of candor counts

and compounds the offense.[12]

The net result of the duty not to perpetuate untenable arguments is that legal and factual mistakes made at the outset of a matter are to be deplored but tolerated — but only so long as the mistakes are promptly corrected or abandoned.

### 2. <u>Examples</u>

A reliable way to comply with the duty of candor implicit in the Rule 9011(b) bar on "later advocating" untenable positions is timely correction. A motion to convert to chapter 11 rescued from Rule 9011 liability a case filed in exigent circumstances under chapter 13 for one with too much debt. <u>Massis v. Gavin (In re Gavin)</u>, 2022 WL 768144, at *8 - *9 (9th Cir. BAP 2022).[13]

Conversely, an attorney who persisted in advocating, and did not abandon, unsupportable assertions regarding state law violated the Rule 9011 duty. <u>LeGrand</u>, 638 B.R. at 159-61.

### D. <u>Inquiry in this case</u>

The first two steps in the Rule 9011(b) logic path have been established. The Petition and Amended Petition were filed for the

---

[12]As the Civil Rules Advisory Committee explained:

> However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

Fed. R. Civ. P. 11(b), Adv. Committee Note to 1993 Amendment.

[13]BAP <u>Gavin</u> is a memorandum decision to be cited only for persuasive value. It is persuasive.

improper purpose of unnecessary delay in violation of Rule 9011(b)(1). The contentions in those filings that a decedent's estate is eligible to be a debtor under the Bankruptcy Code are legally frivolous in violation of Rule 9011(b)(2).

The question becomes the defensive issue whether there were prefiling inquiries reasonable under the circumstances. Although Foyil and Andrade have offered no defense of reasonable pre-filing inquiries, the prospect of substantial deterrence sanctions makes it prudent for the court nevertheless to satisfy itself on the inquiry question.

### 1. Petition

In this case, it was admitted in open court there was no inquiry into the question of eligibility of a decedent's estate to be a debtor under the Bankruptcy Code. Zero. Nothing.

Counsel cannot plausibly plead ignorance of basic bankruptcy law. He has filed more than 2,000 bankruptcy cases since 1996.

This case was not a last-moment emergency filing in exigent circumstances; rather, it was planned. The chapter 11 course had been plotted before petitioning the probate court. The petition to appoint the Special Administrator filed on December 10, 2021, announced an intent to file a chapter 11 case. The chapter 11 petition was not filed until December 13, 2021. The OSC regarding eligibility was issued December 21, 2021, By the time of the OSC hearing on January 3, 2022, counsel and the Special Administrator still had no answer to the eligibility question.

No explanation was provided suggesting either of them made any inquiry at all.

## 2. Amended Petition

After the issue of eligibility had been raised by the court, counsel and the Special Administrator doubled down by filing an Amended Petition that reflects a more egregious failure to conduct a pre-filing inquiry reasonable under the circumstances.

Mindful that the court was focused on eligibility to be a debtor, they asserted in the Amended Petition that the Taplin estate is a "small business debtor" and is "required to file periodic reports with the Securities and Exchange Commission."

The filing of the Amended Petition constituted a second violation of the duty to make a pre-filing inquiry reasonable under the circumstances.

The "circumstances" at the time of the filing of the Amended Petition included the fact that the court was scrutinizing the legitimacy of the filing of the case.

A reasonable pre-filing inquiry in those circumstances would have revealed that the term "small business debtor" is defined as a "person engaged in commercial or business activities." 11 U.S.C. § 101(51D).[14] The decedent's estate is still not a

_____

[14]"Bankruptcy Code defines "small business debtor":

(51D) The term "small business debtor" ---
    (A) Subject to subparagraph (B), means a person engaged in commercial or business activities (including an affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,725,625 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor;
    (B) does not include ---

"person" within Bankruptcy Code definitions and is not "engaged in commercial or business activities."

Likewise, reasonable pre-filing inquiry in those circumstances would have revealed that the decedent's estate is not subject to the Securities Exchange Act of 1934.

In short, before filing the Amended Petition at a time when Foyil and Andrade knew the court was focusing on the question of eligibility, they made no inquiry reasonable under the circumstances within the meaning of Rule 9011(b).

Zero inquiry over the course of more than three weeks on elementary bankruptcy questions is not reasonable per se. And, if not per se unreasonable, it certainly was not reasonable under all the circumstances of this case. Hence, the filing of the Petition and of the Amended Petition violated the reasonable inquiry component of Rule 9011.

E. Rule 9011 Sanctions

Having concluded that the attorney and Special Administrator violated Rule 9011(b) in three respects – frivolous petition by ineligible debtor, later advocating eligibility in an amended frivolous petition, and filing a petition for an improper purpose

---

> (i) any member of a group of affiliate debtors that has aggregate noncontingent liquidated secure and unsecured debts in an amount greater than $2,725,625 (excluding debt owed to 1 or more affiliates or insiders);
> (ii) any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d); or
> (iii) any debtor that is an affiliate of an issuer (as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c)).

11 U.S.C. § 101(51D) (emphasis supplied).

- the question becomes what sanctions are appropriate.

### 1. Procedure for Court Initiated Sanctions

The procedure for awarding sanctions is prescribed by Rule 9011(c). Fed. R. Bankr. P. 9011(c).

A proceeding on the court's own initiative commences with an order to show cause pursuant to Rule 9011(c)(1)(B).

Courts reserve show cause orders for situations that are "akin to contempt," albeit less than contempt. Fed. R. Civ. P. 11(c), Advisory Comm. Note to 1993 Amendment; Utd. Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1116 (9th Cir. 2001); Barber, 146 F.3d at 711; Shalaby v. Mansdorf (In re Nakhuda), 544 B.R. 886, 899-902 (9th Cir. BAP 2016); LeGrand, 638 B.R. at 157.

The OSC issued December 20, 2021, directed Foyil and Andrade to show cause why the case filing for an apparently ineligible debtor did not violate Rule 9011(b) and why this court should not impose sanctions, including monetary sanctions. Dkt. 12.

The written responses included declarations and exhibits filed December 28, 2021. Dkts. 26-28. The responses stated no theory of eligibility to be a debtor under the Bankruptcy Code.

Foyil and Andrade followed up on their responses, on January 4, 2022, by filing an Amended Voluntary Petition, in which they continued, without naming any authority, to advocate that the Taplin decedent's estate is eligible to be a debtor. Dkt. 32.

At the OSC hearing on January 7, 2022, it was admitted that there had been no pre-filing inquiry into the eligibility of a decedent's estate to be a debtor under the Bankruptcy Code. Nor,

after this court's OSC, was there any such inquiry regarding eligibility. No theory was urged for extending or revising existing law. Rather, the responses relied solely on the probate court order as authority for the case filing.

This court dismissed the case January 10, 2022, for lack of jurisdiction. Dkt. 36. The OSC, however, was not discharged.

### 2. Nature of Sanctions

The purpose of sanctions under Rule 9011 is to deter rather than to compensate. Fed. R. Bankr. P. 9011(c)(2);[15] cf. Cooter & Gell, 496 U.S. at 393 ("the central purpose of Rule 11 [and 9011] is to deter baseless filings").[16]

---

[15]Rule 9011(c)(2) provides:

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanctions may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
(A) Monetary sanctions may not be awarded against a represented party for violation of subdivision (b)(2) [Rule 9011(b)(2)].
(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Fed. R. Bankr. P. 9011(c)(2), restating Fed. R. Civ. P. 11(c).

[16]The 1993 Civil Rules Advisory Committee explained: "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty."

Permissible sanctions may include an order to pay a penalty into court, as well as directives of a nonmonetary nature. Fed. R. Bankr. P. 9011(c)(2).

### a. Purpose to Deter

The purpose of Rule 9011 sanctions is to deter rather than to compensate. Fed. R. Bankr. P. 9011(c)(2); cf. Cooter & Gell, 496 U.S. at 393 ("the central purpose of Rule 11 [and 9011] is to deter baseless filings");[17] accord, Fed. R. Civ. P. 11(c)(4).

Accordingly, Rule 9011(c) requires that sanctions be limited to that which is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2);[18] accord, Fed. R. Civ. P. 11(c)(4).

---

Fed. R. Civ. P. 11, Advisory Comm. Note to 1993 Amendment, Note incorporated by Fed. R. Bankr. P. 9011, Advisory Comm. Note to 1997 Amendment.

[17]The 1993 Civil Rules Advisory Committee explained: "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed. R. Civ. P. 11, Advisory Comm. Note to 1993 Amendment, Note incorporated by Fed. R. Bankr. P. 9011, Advisory Comm. Note to 1997 Amendment.

[18]Rule 9011(c)(2) provides:

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanctions may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
(A) Monetary sanctions may not be awarded against a

Tailoring to that limit necessitates case-by-case treatment.

This court finds monetary sanctions in the form of a penalty to be paid into court will provide sufficient deterrence.

"Others similarly situated," in addition to Foyil and Andrade, figure into the sanctions calculation in light of the epidemic of futile decedent's estate cases in this district.

Unfortunately for Foyil and Andrade, the recent popularity of improper decedent's estate cases leads this court to calculate the penalty to be paid into court with an eye to deterring others "similarly situated" from baseless filings.

### b. Offending Attorney

Foyil accepted a $4,000 fee to file a Petition with no merit and for an improper purpose. He has been counsel in more than 2,000 bankruptcy cases since 1996. He admits to having made no pre-filing inquiry into the question of eligibility to be a debtor, and admits to having made no post-filing inquiry into eligibility even after this court called the matter to his attention by way of an OSC. He "later advocated" his frivolous position by filing an unresearched Amended Petition more ludicrous than the first Petition.[19]

---

> represented party for violation of subdivision (b)(2) [Rule 9011(b)(2)].
>       (B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Fed. R. Bankr. P. 9011(c)(2), restating Fed. R. Civ. P. 11(c).

[19]The Amended Petition asserted that the debtor is a "small business debtor" and is "required to file periodic reports with

Determination of the penalty to Foyil begins with his $4,000 retainer, none of which was earned. The series of his various Rule 9011(b) transgressions are "akin to contempt" in a manner that counsels more deterrence than forfeiting his fee is needed. The most charitable view of his performance is that he lacks respect for Rule 9011. In the face of notice of potential sanctions, he filed a frivolous Amended Petition and declined to explain why the purpose was not improper or to argue for modification or extension of existing law regarding the merits.

Deterring Foyil's initial disregard of Rule 9011 warrants adding $2,000 to the penalty.

Foyil's "later advocating" the same frivolity in an Amended Petition filed for an improper purpose elevates his transgressions to a level of insouciant defiance that merits adding another $2,000 to assure he is deterred in the future.

The parade of seventeen decedent's estate cases in this judicial district since November 2019 reveals that there are "others similarly situated" in need of deterrence.[20] This

---

the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934." Amended Petition, #8, Dkt 32. A "small business debtor" is a term defined by § 101(51D) to be a "person engaged in commercial or business activities [with certain other requirements]." 11 U.S.C. § 101(51D)(A). It is ludicrous to assert that the Taplin Decedent's estate is engaged in commercial or business activities.

[20]Decedent's Estate filings since November 2019:

| Case No | Filed | Dismissed | Unpaid Filing Fee |
|---|---|---|---|
| 19-27242-13 | 11/21/19 | 12/3/19 | $310 |
| 19-27347-13 | 11/26/19 | 12/16/19 | $310 |
| 20-20009-13 | 1/2/20 | 1/21/20 | $310 |
| 20-20095-13 | 1/8/20 | 1/27/20 | $310 |
| 20-20766-13 | 2/11/20 | 3/2/20 | $310 |
| 20-20955-13 | 2/21/20 | 5/17/20 | $310 |

situation is exacerbated by the abusive pattern of cases being filed without payment of the filing fee, which cases are dismissed before the fee is collected.

Other lawyers and potential special representatives need to know that this illegitimate bankruptcy strategy for decedent's estates could expose them to significant financial penalties. That knowledge will come in two forms. First, a copy of this opinion will be served on attorneys who have been identified as representing offending special representatives in probate court. Second, the "others similarly situated" component of deterrence is an additional $2,000 to the penalty amount to Foyil.

In sum, a monetary penalty will be imposed against Foyil in the cumulative penalty amount of $10,000 to be paid into court.[21]

### c. Offending Special Administrator

There are three separate facets to deterrence-based sanctions against Special Administrator Shirley Andrade.

### (i) Rule 9011(b)(1)

Andrade violated Rule 9011(b)(1) twice. First, she signed a

| | | | |
|---|---|---|---|
| 20-20985-13 | 2/24/20 | 3/13/20 | $310 |
| 21-23803-13 | 11/4/21 | 11/22/21 | $313 |
| 21-22212-13 | 6/15/21 | 6/24/21 | $313 |
| 21-22564-13 | 7/14/21 | 8/2/21 | $313 |
| 21-23780-13 | 11/2/21 | 11/22/21 | $313 |
| 21-24148-11 | 12/13/21 | 1/20/22 | [paid] |
| 22-20104-13 | 1/18/22 | 2/7/22 | $313 |
| 22-20188-13 | 1/27/22 | 4/18/22 | $313 |
| 22-20445-13 | 2/28/22 | 4/29/22 | $313 |
| 22-20557-13 | 3/10/22 | 3/17/22 | $313 |
| 22-20860-13 | 4/6/22 | 5/15/22 | $313 Total $4,987 |

[21]Cal. Bus. & Prof. Code § 6086(o)(3) applies to Foyil.

Petition for the improper purpose of hijacking an automatic stay
for a decedent's estate ineligible to be a debtor. Second, she
signed an Amended Petition for the same improper purpose.

Andrade is liable for a monetary penalty on account of her
violations of Rule 9011(b)(1) by filing a Petition for an
improper purpose and by "later advocating" the same frivolity.

The appropriate penalty that ought to be sufficient to deter
Andrade personally is $2,000, viewing her in isolation and
independent of the need to deter others similarly situated.

### (ii) Rule 9011(b)(2)

Andrade also violated Rule 9011(b)(2) twice. First, she
signed a Chapter 11 Petition making frivolous assertions not
warranted by law. Second, she signed an Amended Petition making
similarly frivolous assertions of law.

As to Andrade's Rule 9011(b)(2) violations, only nonmonetary
sanctions are permitted because (unlike Special Representatives
who act pro se) she is represented by counsel. Fed. R. Bankr. P.
9011(c)(2)(A); LeGrand, 638 B.R. at 157.

The filing of a bankruptcy case for an obviously ineligible
entity constitutes such an illegitimate use of bankruptcy process
as to be "akin to contempt."

The nonmonetary sanction against Andrade in this instance
for her Rule 9011(b)(2) violations will be this court's
forbearance from ordering under Bankruptcy Code § 329(b) that
Attorney Foyil refund the $4,000 retainer he collected, none of
which was earned, and all of which exceeded the reasonable value
of services. 11 U.S.C. § 329.

1                    (iii) <u>Others Similarly Situated</u>

2        The policy of deterrence of persons "similarly situated" is

3   particularly significant in this instance because sixteen of the

4   seventeen decedent's estate cases filed in this district since

5   January 1, 2019, have been filed by Special Representatives

6   acting pro se, even though attorneys represented them in probate

7   court in at least ten of those cases.

8        Taking into account that other prospective Special

9   Representatives and the attorneys representing them in probate

10  court,[22] need to be deterred, an additional $2,000 will be added

11  to Andrade's penalty – <u>i.e.</u>, a cumulative penalty of $4,000 for

12  the Rule 9011(b)(1) violations will be assessed against Andrade.

13       In additional furtherance of the goal of deterrence of

14  others similarly situated, the clerk shall serve a copy of this

15  opinion on every attorney who is identified as having appeared in

16  probate court to obtain appointment of a Special Representative

17  who then filed a bogus bankruptcy case unrepresented.

18

19                                  * * *

20       For the reasons explained in this opinion: (1) decedent's

21  estates are not eligible to be Bankruptcy Code debtors under any

22  chapter; (2) to hold otherwise would create the clash of in rem

23  jurisdiction forbidden by the "probate exception" to federal

24

25       [22]Attorneys or others who assist in obtaining appointment of
26  Special Representatives by probate courts before sending them to
    file bankruptcy cases unrepresented may also be liable for Rule
27  9011 sanctions as "attorneys, law firms, or parties that ... are
    <u>responsible for the violation</u>" by virtue of Rule 9011(c). That
28  interesting question can be left to the next pro se case in which
    there is a wizard hiding behind the curtain.

jurisdiction; (3) state probate courts lack authority to override the terms of the Bankruptcy Code; (4) attorneys and estate representatives who file cases frivolously asserting that decedent's estates are eligible to be debtors may be sanctioned for violating Rules 9011(b)(1) and Rule 9011(b)(2) by not conducting inquiry reasonable under the circumstances, filing for improper purposes, misrepresenting law to the court, and "later advocating" positions after they become untenable.

Sanctions in the form of penalties paid into court to the order of the Treasurer of the United States are assessed against David Foyil in the penalty amount of $10,000 and against Shirley Andrade in the penalty amount of $4,000.

An appropriate separate order will be entered.

Dated: May 31, 2022

_____
United States Bankruptcy Judge