**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| In re: | ) | |
|---|---|---|
| | ) | |
| ESTATE OF TAPLIN, | ) | Case No. 21-24148-C-11 |
| | ) | Docket Control No. DEF-002 |
| Debtor. | ) | |

**MEMORANDUM DECISION AND ORDER ON MOTION FOR STAY PENDING APPEAL**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The lawyer who was sanctioned $10,000 under Rule 9011 botched the 14-day window to seek modification of the judgment before a filed notice of appeal became "effective" to strip this court of authority to modify a payment term in the judgment without permission of the appellate court. Although his untimely and procedurally incorrect "Application" to revise the judgment cannot be granted, it will be construed under Rule 1001 as a procedurally correct motion for stay pending appeal that will be granted in two phases conditioned on posting of successive bonds.

I

This court entered a judgment on May 31, 2022, imposing sanctions under Federal Rule of Bankruptcy Procedure 9011 for an improper chapter 11 case filing. The judgment was against attorney David Foyil in the amount of $10,000 and against Shirley Andrade, the special representative of the Taplin estate, as represented party, in the amount of $4,000. The judgment directed that the sanctions be paid to the order of the Treasurer of the United States by June 30, 2022. Judgment, 5/31/2022, Dkt. # 52;

In re Estate of Taplin, 2022 Westlaw 1799292, 71 Bankr. Ct. Dec. 165 (Bankr. E.D. Cal. 2022).

The docket reflects that Andrade paid her $4,000 sanction on June 7, 2022. Foyil has not yet paid his $10,000 sanction.

A Notice of Appeal signed by Andrade and naming Foyil as a party was filed on June 14, 2022; the appeal has been referred to the Bankruptcy Appellate Panel. Dkt. ## 59-64.

The appeal became "effective" on June 15, 2022, because there was not then pending a post-trial motion to amend findings, alter or amend the judgment, for new trial, or for relief from the judgment, all of which would operate to extend the time to appeal. Fed. R. Bankr. P. 8002(b).

The Judgment requiring payment to the order of the Treasurer of the United States is final and operates as a money judgment in favor of the United States, which may enforce it.

There has been no motion for a stay pending appeal and no motion to approve a bond or other security to obtain a stay pending appeal in accordance with Rule 8007(a)(1)(B). Fed. R. Bankr. P. 8007(a)(1)(B).

In the absence of a stay pending appeal, the pendency of an appeal does not prevent immediate enforcement of a money judgment unless the judgment is ordered stayed pending appeal. Fed. R. Bankr. P. 8007(a)(1) & (Federal Rule of Civil Procedure); cf. Fed. R. Civ. P. 62, incorporated by Fed. R. Bankr. P. 7062; Rains v. Flinn (In re Rains), 428 F.3d 893, 903-04 (9th Cir. 2005); 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 303.32[2][b][vi] (2022) ("MOORE'S).

Whether and how this court's money judgment requiring payment into the United States Treasury is enforced is up to the United States. The record does not reveal whether judgment enforcement activity has commenced.

II

The court is now being asked to alter the terms of the money judgment and provide an extension changing the specified payment terms. The Federal Rules of Bankruptcy Procedure address when a trial judge may amend or modify a judgment.

The court may alter or amend its judgment on motion filed within fourteen days after entry of judgment. Fed. R. Bankr. P. 9023, incorporating and modifying Fed. R. Civ. P. 59.

If a timely motion under Rule 9023 has been made, then a notice of appeal does not become "effective" until the last such motion is resolved. Fed. R. Bankr. P. 8002(b)(1)-(2); 20 MOORE'S ¶ 303.32[2][c][i].

Once an appeal has become "effective" under Rule 8002(b)(2), the court may correct a clerical mistake or mistake arising from oversight or omission "only with the appellate court's leave." Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024; 20 MOORE'S ¶ 303.32[2][b][i].

The restriction in Rule 60(a) as incorporated by Rule 9024 requiring leave of the appellate court to correct even a clerical mistake or mistake arising from oversight or omission implements the judge-made doctrine of exclusive appellate jurisdiction. 20 MOORE'S ¶ 303.32[2][b][i].

In general, a court from which an appeal is taken may not alter the status quo. Rather, the court is limited to activity that preserves the status quo. 20 MOORE'S ¶ 303.32[2][b][ii].

Exceptions are found in Rule 8007. Fed. R. Bankr. P. 8007; cf. Fed. R. Civ. P. 62, incorporated by Fed. R. Bankr. P. 7062.

To be sure, the doctrine of exclusive appellate jurisdiction can be difficult to apply at the vague boundary between what measures do and do not alter the status quo. Rains, 428 F.3d at 903-04; Neary v. Padilla (In re Padilla), 222 F.3d 1184 (9th Cir. 2000)(collecting cases).

One method of addressing the uncertain boundary is the Indicative Ruling procedure. Fed. R. Bankr. P. 8008, adapting Fed. R. Civ. P. 62.1. The Rules Advisory Committee Notes make clear that the rule does not purport to define all the circumstances in which an appeal limits or defeats the trial court's authority to act.[1]

---

[1]The Bankruptcy Rules Advisory Committee explained:

> The rule does not attempt to define the circumstances in which an appeal limits or defeats the bankruptcy court's authority to act in the face of a pending appeal. In contrast, Rule 8002(b) identifies motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before the last such motion is resolved.

Fed. R. Bankr. P. 8008, Advisory Committee Note (2014).

The Civil Rules Advisory Committee was more specific about the complexity of the problem:

> The rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of appeal jurisdiction. Rule 62.1 applies only when those rules deprive the district court of authority to grant relief

Nevertheless, Rule 60(a) provides a bright-line rule of decision for situations where the issue relates to modifying the terms of a judgment. Here, leave of the Bankruptcy Appellate Panel is required and has not been obtained. Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.

As noted, no express stay pending appeal has been sought by Foyil, and Andrade has paid the $4,000 assessed against her.

III

Foyil filed, on June 29, 2022, an "Application for Extension of Time to Pay Sanctions" in which he requests an additional 60 days - beyond the 30 days specified in the judgment - to pay his $10,000 sanction. Dkt. ## 68-69.

Since the terms of the appealed judgment specify a time in which to pay, the request in the "Application" is a disguised but untimely Rule 9023 motion to alter or amend filed more than fourteen days after entry of judgment. Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59. That window closed when the appeal became "effective" per Rule 8002(b)(2). Thereafter, changing the date term in the judgment requires the "appellate court's leave" under Rule 60(a) as incorporated by Rule 9024.

Accordingly, Foyil's "Application" runs afoul of the jurisdictional consequence of the Notice of Appeal and implicates the restriction in Rule 60(a) requiring leave of the Bankruptcy

---

> without appellate permission. If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure.

Fed. R. Civ. P. 62.1, Advisory Committee Note (2009).

Appellate Panel.

This jurisdictional problem could be cured by a Rule 8008 Indicative Ruling inviting a limited remand if the court were to be persuaded that it would either grant the relief requested in the "Application" or view it as presenting a "substantial question." Fed. R. Bankr. P. 8008.

Whether to make a Rule 8008 Indicative Ruling, however, is a matter within the discretion of the trial judge. 12 MOORE'S ¶ 62.1.10[1].

In this instance, the court is not persuaded to exercise its discretion to make an Indicative Ruling inviting a limited remand for two reasons.

First, the "Application" does not "raise a substantial issue" that would be granted if there were to be a limited remand because it is a procedurally incorrect circumvention of Bankruptcy Rule 9024 and of Civil Rule 60(a) by an experienced bankruptcy lawyer representing himself.[2] Second, it is a circumvention of the bond requirement in the time-honored supersedeas procedure for obtaining a stay pending appeal of a money judgment that is embodied in Rule 8007(a)(1).

---

[2]In addition to Foyil's procedural errors, his Application papers reflect lawyering errors at a granular level. In eight places in his papers, Foyil erroneously names his client as "Andrea Shirley," instead of "Shirley Andrade" — tripping over the first rule of private practice of knowing the name of one's client. In addition, in three places, Foyil misstates the name of the putative debtor and of the bankruptcy case that he improperly filed; the Death Certificate he filed reveals the debtor's surname is "Taplin," not "Von Taplin." Ex. A to Dkt. # 28. This court ordered correction of the case name. Dkt. # 49. The opinion noted the factual error. Dkt. ## 68-69. Foyil ignored the order and the opinion.

It follows that the "Application" will not be granted.

IV

The practical solution to Foyil's futile request to change the payment term in the appealed order is to help him achieve his goal by following the direction of the Supreme Court in Rule 1001[3] and construing his procedurally incorrect "Application for Extension of Time to Pay Sanctions" as a procedurally correct "Motion for Stay Pending Appeal" so that he need not burn time and expense in preparing papers for a new motion.

In addition, the court will substitute the correct names of the case and of Foyil's client and leave it to Foyil to explain to his client why he does not know her name.

V

Turning to the question of a stay pending appeal, this court is entitled to condition the grant of a stay upon the "posting of a bond or other security." Fed. R. Bankr. P. 8007(a); cf. Fed. R. Civ. P. 62(b), incorporated by Fed. R. Bankr. P. 7062.

As Shirley Andrade has already paid to the order of the Treasurer of the United States the $4,000 award against her, the sole stay issue remains the $10,000 award against David Foyil.

When a money judgment is involved, the usual measure is to require the posting of a supersedeas bond, now referred to in updated rules as "bond or other security." Fed. R. Bankr. P.

---

[3]Rule 1001 provides in relevant part: "These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

8007(a)(1)(B).[4] Nothing about this case warrants deviating from traditional standard practice.

Hence, this Court is persuaded to exercise its discretion, to grant a stay pending appeal on the condition that a bond (or other security satisfactory to the court) have first been posted.

The bond and the stay will have two phases based on Foyil's statements that he seeks an extension until August 29, 2022, to afford time "to gather the funds to pay the sanction against him." Application, ¶ 8, Dkt. # 68; Declaration of David Foyil, ¶ 10, Dkt. # 69.

The first phase will be a temporary stay pending appeal ending August 29, 2022, conditioned upon a cash bond in the amount of $10.00 deposited with the Clerk of Court. This will allow Foyil to focus on raising the funds that he avers he will pay by that date.

The second phase will be a stay pending appeal beginning August 30, 2022, to take effect upon the posting of a bond in the amount of $10,000.

If the required bonds are posted, the money judgment will not be enforceable before the pending appeal is resolved. If the bonds are not posted, Foyil will remain at the mercy of the judgment enforcement mechanisms of the United States. If he pays

---

[4]The updated terminology regarding supersedeas bonds was explained by the Civil Rules Advisory Committee Note to the 2018 Amendments to Fed. R. Civ. P. 62. ("Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d). ... The new rule's text makes explicit the opportunity to post security in a form other than a bond."). The Bankruptcy Rules Advisory Committee Note to the 2018 Amendments to Fed. R. Bankr. P. 8007 followed suit ("The amendments to subdivisions (a)(1)(B), (c), (d) conform this rule with the amendment of Rule 62 F.R.Civ.P.").

and the result of the appeal is in his favor, a refund would become appropriate.

***

IT IS ORDERED: FIRST, a temporary stay pending appeal, to expire August 29, 2022, conditioned on the prior posting of a cash bond in the amount of $10 will become effective to stay immediate enforcement of this Court's Judgment entered May 31, 2022, requiring David Foyil to pay $10,000 to the order of the Treasurer of the United States by June 30, 2022;

SECOND, a stay pending appeal, conditioned on the prior posting of a bond in the amount of $10,000, will become effective to stay immediate enforcement of this Court's Judgment entered May 31, 2022, requiring David Foyil to pay $10,000 to the order of the Treasurer of the United States by June 30, 2022.

**Dated:** July 11, 2022

United States Bankruptcy Judge